466 A.2d 1087

**ESTATE OF Owen S. HOFFMAN, Deceased.**

**Appeal of Ruth Hoffman DeLONG.**

Superior Court of Pennsylvania.

Argued May 31, 1983.

Filed Oct. 14, 1983.

John D. Dunmire, Norristown, for appellant.

William P. Thorn, Philadelphia, for participating party.

Before ROWLEY, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

The principal issue in this case is whether the appellant, Ruth H. DeLong, was able to establish by clear and convincing evidence that she was the biological daughter of Sidney S. Hoffman, deceased, and thus entitled to a one-half share of the residue of the estate of Owen S. Hoffman, the brother of Sidney S. Hoffman. The trial court found that appellant had failed to establish the necessary relationship, and a court en banc affirmed. This appeal followed.

Owen S. Hoffman died July 8, 1978. By the terms of his last will and testament, his residuary estate was devised and bequeathed to his wife. Because Owen's wife had predeceased him without leaving issue, however, the gift lapsed, and the residuary estate passed under the intestate laws to the heirs of the testator. Owen S. Hoffman left surviving as his nearest relative a sister, Amy S. Welker, who is the appellee herein. Ruth DeLong, the appellant, who had been born out of wedlock to the sister-in-law of Sidney S. Hoffman, claimed that she was the natural daughter of Sidney S. Hoffman, a deceased brother of Owen Hoffman and, as such, entitled to one-half of the testator's residuary estate.

Prior to November 26, 1978, Section 2107 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, No. 164, § 2, 20 P.S. 2107, provided that a person born out of wedlock was to be "considered the child of his mother but not of his father." In 1977, in the case of *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the Supreme Court of the United States held unconstitutional a similar provision in an Illinois statute on grounds that it

violated the Equal Protection Clause of the Fourteenth Amendment. In response to the Supreme Court decision, the legislature in Pennsylvania enacted an amendment to Section 2107 of the Code which provided, inter alia, as follows:

(c) Child of father.—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his father when the identity of the father has been determined in any one of the following ways:

(1) If the parents of a child born out of wedlock shall have married each other.

(2) If during the lifetime of the child, the father openly holds out the child to be his and receives the child into his home, or openly holds the child out to be his and provides support for the child which shall be determined by clear and convincing evidence.

(3) If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity.[1]

The amending statute, in section five, provides that it "shall be effective immediately, [i.e., November 26, 1978], but its provisions shall not apply to wills or conveyances executed prior to its effective date or *to rights from and through a child's father if the father had died prior to the effective date of this act.*" (Emphasis added.)

◼ Sidney S. Hoffman, the alleged father, had died in 1953, more than twenty-five years before the effective date of the amending statute. It follows that the provisions of the new section were not applicable to determine the validity of Ruth DeLong's claim. It does not follow, however, that her claim is barred by the provisions of the prior

1. Section 2514(8) was correspondingly amended to provide that absent a contrary intent "[i]n construing a will making a devise or bequest to a person or persons described by relationship to the testator or to another, a person born out of wedlock shall be considered the child of the natural mother and also of the natural father if paternity of the natural father has been determined pursuant to the provisions of Section 2107."

statute. The prior statutory provision barring inheritance from a father by one born out of wedlock is unconstitutional. *Trimble v. Gordon, supra; Estate of Dulles*, 494 Pa. 180, 431 A.2d 208 (1981). Therefore, if Ruth DeLong was able to prove that she was the natural daughter of Sidney S. Hoffman, her claim to a share of the residuary estate of her deceased uncle must be accorded validity.

The trial court held that the claimant was required to prove Sidney S. Hoffman's paternity by evidence that was clear and convincing. Appellant has accepted this burden of proof and does not challenge the trial court's ruling on appeal. We observe, nevertheless, that claims of paternity made after the lips of the alleged father have been sealed by death are in that class of claims which must be subjected to the closest scrutiny and which can be allowed only on strict proof so that injustice will not be done. See and compare: *Estate of Gavula*, 490 Pa. 535, 540–541, 417 A.2d 168, 171 (1980) (Law imposes a heavy burden on one who grounds his or her claim on an allegation of common law marriage, especially where one of the parties is dead; courts will examine such claim with strict scrutiny.); *Manfredi Estate*, 399 Pa. 285, 292, 159 A.2d 697, 701 (1960) ("When the lips of a man are sealed by death, and he leaves no satisfactory evidence as to the existence of such [marriage] contract, courts will be very slow to establish it in derogation of the undoubted rights of those who follow him.").

Ruth H. DeLong was born Ruth Sidney Hoffman on April 14, 1927, in Pottsville, Schuylkill County. She was born out of wedlock to Marian Mentch. Named as father on Ruth's birth certificate was John Hoffman; Ruth, however, has no knowledge of anyone so named. Shortly after her birth, she was taken into the home in Allentown, Lehigh County, of her mother's sister, Mary Hoffman, and Mary's husband, Sidney S. Hoffman. Ruth was raised by Sidney and Mary Hoffman and resided with them in Allentown until her marriage in 1946. During the years that she lived with the Hoffmans, she was known as Ruth Hope Hoffman. It was

not until she was twelve or thirteen that Ruth learned, quite by accident, that her "Aunt" Marian Mentch was in fact her natural mother. Ruth was never adopted by Mary and Sidney Hoffman. Sidney S. Hoffman died in 1953; Mary Hoffman passed away in 1972.

In order to support the claim that she was the natural daughter of Sidney S. Hoffman, Ruth DeLong presented evidence establishing a very close relationship between herself and Sidney S. Hoffman. Sidney told Ruth that he loved her and that she was his own "little kitten," his own "little girl" and his own "little baby." Ruth also presented various documentary evidence, including an insurance policy and census records in which Sidney was named as her father and a marriage license application which disclosed that it had been Sidney who consented to Ruth's marriage. School records were also introduced and reflected that Sidney had been named as Ruth's parent or guardian. Sidney's watch and Bible, now in the possession of Mrs. DeLong and her son, were received in evidence as was a letter from Sidney to Mrs. DeLong's son, written on the day of his birth and signed "Your Mother's Daddy." Mrs. Welker presented no evidence. However, other evidence presented by the claimant disclosed that Ruth DeLong and Sidney Hoffman had different blood types.[2] Marian Mentch, although living, did not give testimony. No explanation was given for failing to call as a witness the one person remaining alive who could identify unequivocally the natural father of Ruth.

The trial court held that the claim of Ruth DeLong had not been sustained by evidence that was clear and convincing. The evidence, the court held, was ambiguous and did not establish that Ruth DeLong was the natural child of Sidney Hoffman. The court said: "The record merely indicates that Sidney and Mary took their illegitimate niece into their home to raise as their own child. There were no facts

2. Appellee contends for the first time on appeal that the two blood types were incompatible. There is, however, no expert testimony of record to substantiate this claim.

tending to support claimant's allegation that Sidney was her natural father. All of the evidence presented in this case is consistent with the fact that Mary and Sidney were raising claimant as their foster child." This finding was affirmed by the court en banc.

Where the findings of the hearing judge, affirmed by the court en banc, are supported by competent evidence, an appellate court will not reverse in the absence of an abuse of discretion, a capricious disregard of evidence, or an error of law. *Sack v. Feinman*, 489 Pa. 152, 165–166, 413 A.2d 1059, 1066 (1980); *Estate of Thomas*, 463 Pa. 284, 289 n. 5, 344 A.2d 834, 836 n. 5 (1975); *Hankin v. Hankin*, 279 Pa.Super. 179, 196–197, 420 A.2d 1090, 1099 (1980). This rule applies with special force where, as here, the determination of the ultimate issue must depend primarily upon determinations as to the credibility and weight of the evidence. Although the claimant presented competent evidence to show the existence of a close relationship between herself and Sidney Hoffman, its effect to show a biological parent-child relationship was diluted by her failure to call her natural mother to identify the claimant's biological father. "It is generally agreed that when a potential witness is available and appears to have special information relevant to the case ... and when [her] relationship with one of the parties is such that the witness would ordinarily be expected to favor [that party], then if such party does not produce [her] testimony, the inference arises that it would have been unfavorable[.]". *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 477–478 n. 18, 263 A.2d 448, 456 n. 18 (1970). Thus, the failure of a party, without explanation, to call as a witness her own mother to testify to the identity of that party's father permits an inference by the fact finder that the mother's testimony would have been unfavorable to the claimant who had the burden of proving the paternity necessary to substantiate her claim.

120 

■ We have reviewed the record and find no abuse of discretion on the part of the trial court and no basis for disturbing its findings.

The order is affirmed.