## Sanford Estate

*Gerald E. Bloom*, for administrator.
*Edmund P. Butler*, for Kelly Ann Sanford.
*James J. Martin*, for Ronald F. Sanford, Jr.
*Joseph V. Furlong*, for Lynn Sanford.

MIMS, *J.*, October 25, 1984—The first and final account of Gerald E. Bloom, III, administrator of the estate of said decedent, was presented to the court for audit, confirmation and distribution of ascertained balances on May 7, 1984, as advertised according to law. Due proof of appropriate notice thereof to all parties legally interested in said estate appears in the record.

Said account has been examined and audited by the court. Balances for distribution shown thereby

include principal in the amount of $75,800 composed of cash, and income in the amount of $8,044.07 in cash. Said respective balances for distribution appear to have been correctly computed and stated on the accounting filed.

No additional receipts or disbursements since the accounting were suggested.

No information has been found in this record concerning the payment of inheritance tax. Accordingly, the awards hereinafter directed are made subject to such liability, if any, as may still in fact be due thereon for transfer inheritance tax.

This estate has been fraught with many problems since its inception. Ronald Sanford died intestate on March 25, 1976, and letters of administration were granted to Robert Rovner by the Register of Wills of Bucks County on April 9, 1976. Lynn Horton filed a petition to the register of wills to vacate those letters and grant letters of administration to her claiming that she was the common-law wife of decedent. The register of wills rendered a decision finding no common-law marriage and refusing to vacate the letters of administration granted to Robert Rovner. Lynn Horton appealed from the decision of the register relating to the common-law marriage. On August 2, 1984, we entered a decree nisi denying her appeal. Timely exceptions were filed and by a final decree entered this date, those exceptions are denied.

A petition was presented to this court asking that Robert Rovner be removed as administrator. After hearing, we entered an order on May 12, 1981, removing Robert Rovner as administrator and authorized the register of wills to appoint Gerald E. Bloom, III, as administrator. He was appointed administrator by the register on February 17, 1984.

It should be noted that Lynn Horton is the mother of two minor children: Kelly Ann Horton and Ron-

ald Francis Sanford, Jr., and decedent is the father. The issue of these two children will be addressed later on in this adjudication.

During the course of this estate we appointed Edmund P. Butler, Esq., as guardian ad litem for Kelly Ann Horton and James J. Martin, Esq., as guardian ad litem for Ronald Francis Sanford, Jr. These two attorneys have participated in all the litigation generated by this estate.

Decedent also was survived by his father, Charles A. Sanford, and his mother, Ann Sanford Damiano.

The accountant in his petition for adjudication has suggested that the entire estate be distributed to Ann Sanford Damiano and Charles A. Sanford, decedent's parents.

Objections have been filed on behalf of the minor children, Kelly Ann and Ronald, Jr., who were born out of wedlock. In open court it was stipulated by all counsel that these children are, in fact, the children of decedent and Lynn Horton. Briefs have been filed by counsel for all the parties and we now address this issue.

Having found that Lynn Horton Sanford was not the common-law wife of decedent, we are next faced with the issue of whether or not Kelly Ann Horton and Ronald Francis Sanford, Jr., both born out of wedlock, are entitled to take under the Pennsylvania law of intestacy.

The statutory law in effect in Pennsylvania on this issue at the time of decedent's death on March 25, 1976, was §2107 of the Probate Code, 20 Pa.C.S. §2107, which provided that an illegitimate child could not inherit from or through his father. However, the United States Supreme Court in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed. 31 (1977), held that a similar provision in the Illinois intestate act was unconstitutional.

Since that decision in Trimble, the following cases and statutory amendments have shaped Pennsylvania law. In Browning Estate, 28 Fid. Rep. 1 (1977), Judge Shoyer of the Orphans' Court Division of the Court of Common Pleas of Philadelphia held §2107 of the Pennsylvania Probate Code to be unconstitutional in that it violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by invidiously discriminating on the basis of legitimacy.

The United States District Court for the Eastern District of Pennsylvania, in Fernandez et al. v. Shapp et al., 28 Fid. Rep. 359 (1978), entered an order and consent agreement which stated, inter alia, that section 2107 of the Probate Code was violative of the Equal Protection Clause of the Fourteenth Amendment insofar as it discriminated against children born out of wedlock so as to bar those children from intestate succession to their fathers' estates.

By act of November 26, 1978, P.L. 1269 §1, the Pennsylvania legislature amended section 2107 of the Probate Code as follows:

"(c) Child of father—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his father when the identity of the father has been determined in any one of the following ways:

"(1) If the parents of a child born out of wedlock shall have married each other.

"(2) If during the lifetime of the child, the father openly holds out the child to be his and receives the child into his home, or openly holds the child out to be his and provides support for the child which shall be determined by clear and convincing evidence.

"(3) If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity."

The legislature made Act 303 effective immediately but specifically provided that the act would not apply to wills executed prior to the effective date or "to rights from and through a child's father if the father had died prior to the effective date of this act." Act 303, supra, §5.

In Fleming Trust, 30 Fid. Rep. 545 (1980), Judge Ross of the Orphans' Court Division of the Court of Common Pleas of Allegheny County held that the mere fact that a child born out of wedlock could not assert her right under amended §2107 of the Probate Code because her father had died in 1951, prior to Act 303, did not mean that she was barred from proving her claim by clear and convincing evidence of paternity. Judge Ross stated at 550:

"The statutes applicable at the time the will was executed and at the death of Alexander P. Lyon, IV, violated the equal protection clause of the Fourteenth Amendment to the United States Constitution: Act of April 27, 1855, P.L. 368 §3; Intestate Act of April 24, 1947, P.L. 80 §7. See Dulles Trust, 29 Fiduc. Rep. 141, 149. There is no reason not to permit proof of petitioner's right at the pending audit since it is not asked that prior distributions decreed under prior audits are to be set aside. We are applying the rule of this case prospectively as to pending and future audits, not retroactively."

This court in Hardiman Estate, 30 Fid. Rep. 561 (1980), also allowed the child born out of wedlock to go forward to attempt to prove his claim, which he ultimately failed to do. We relied on Trimble, Browning and Fernandez as well as Hoffman Estate, 30 Fid. Rep. 149 (1980), where Judge Tredinnick of the Orphans' Court Division of the Court of Common Pleas of Montgomery County held that Act 303 did not apply where decedent had died before the amendment of §2107, but that

claimant was nevertheless permitted to present her claim and that she would be required to establish proof of her relationship to decedent by clear and convincing evidence.

The Pennsylvania Superior Court agreed with Judge Tredinnick's reasoning on this issue:

"Sidney S. Hoffman, the alleged father, had died in 1953, more than 25 years before the effective date of the amending statute..It follows that the provisions of the new section were not applicable to determine the validity of Ruth DeLong's claim. It does not follow, however, that her claim is barred by the provisions of the prior statute. The prior statutory provision barring inheritance from a father by one born out of wedlock is unconstitutional. Trimble v. Gordon, supra; Estate of Dulles, 494 Pa. 180, 431 A.2d 208 (1981). Therefore, if Ruth DeLong was able to prove that she was the natural daughter of Sidney S. Hoffman, her claim to a share of the residuary estate of her deceased uncle must be accorded validity. Estate of Hoffman, 320 Pa. Super. 113, 466 A.2d 1087, 1089 (1983). In Estate of Dulles, supra, the Pennsylvania Supreme Court had held that the canon of will construction that a person born out of wedlock is considered the child of the mother and not of the father was unconstitutional, applying the Trimble doctrine in a case where a will existed as well as where the intestacy statutes controlled.

Judge Shoyer was again faced with a claim by a child born out of wedlock in Klaber Estate, 2 Fid. Rep.2d 167 (1982), and he found that claimant was not claiming under Act 303, but under the law as it existed prior to the adoption of that act. He quoted from the auditing judge's adjudication at 168-169:

"Thus, by the legislative history in this state, the child of an unwed mother is no longer 'illegitimate'

and is now referred to as a child 'born out of wedlock.' Thus by Act 303 of 1978, supra, all children are recognized as legitimate regardless of the marital status of their parents. However, as noted above, substantial requirements are set forth for establishing a status in the father's family."

We have found only one case which does not take the position that children born out of wedlock may be permitted to prove a claim against the father's estate. That case is Scott Estate, 2 Fid. Rep.2d 334 (1982), where Judge Swope of the Orphans' Court Division of the Court of Common Pleas of Dauphin County held that the child born out of wedlock was not entitled to an intestate share of his grandmother's estate where his father had died in 1973 prior to the amendment of section 2107. Judge Swope believed that the Probate Code barred a child born out of wedlock whose father died prior to November 26, 1978, from receiving rights "from and through" that father. Judge Swope went on to say that the nonretroactivity section of Act 303 did meet the constitutional requirement of a rational relationship to a legitimate state interest, that interest being the establishment of a method of disposing of decedent's property which is both prompt and final.

While we would agree that prompt and final disposition of estates is desirable, we do not believe that permitting claimants to prove their status will defeat this goal. We are not applying Act 303 retroactively in derogation of the legislative intent but merely according claimants their constitutional right of equal protection under the law as mandated by the United States Supreme Court in Trimble.

We should note that the delay in the distribution of this estate now before us was not caused by this issue being raised but by other estate matters. Also, in response to the "flood gates" argument raised by

Judge Swope in Scott, supra, we are not proposing that any estate which has already been adjudicated and settled should be reopened to address this issue of children born out of wedlock.

What we are doing in the instant case is following the line of Pennsylvania cases cited above which hold that a child born out of wedlock whose father died prior to November 26, 1978, should be given the opportunity to prove by clear and convincing evidence his relationship to that decedent. However, we need not reach the issue of whether the children have met their burden of proof here. In open court on August 17, 1984, on the record all parties to this matter stipulated that paternity would not be an issue in this case and that all parties acknowledged the children, Kelly Ann Horton and Ronald Francis Sanford, Jr., to be the children of decedent Ronald Sanford.

For the foregoing reasons we find that minor children Kelly Ann Horton and Ronald Francis Sanford, Jr., are entitled to share in the estate of their father, Ronald Francis Sanford, deceased.

Since we have found that Lynn Horton is not the common-law wife of decedent, the aforesaid children are entitled to receive the entire balance of principal and income.

The accountant is directed to hold the funds until a guardian of the estate of each of these minors has been appointed by this court and thereafter make distribution of one-half to the guardian of the estate of each child to be held until each child attains majority.

We direct that the accountant pay the sum of $3,000 to each of the guardians ad litem in full payment of their services to date.

No unpaid claims against the estate were presented.

The net ascertained balances for distribution are hereby awarded as suggested in the foregoing adjudication to. Kelly Ann Horton and Ronald Francis Sanford, Jr., in equal shares, in accordance with the intestate law. Distribution is not to be made until a guardian of the estate of each minor has been appointed.

No schedule of distribution need be filed.

The account is hereby confirmed, and it is ordered and decreed that Gerald E. Bloom, III, administrator as aforesaid, shall make and pay the distribution herein awarded forthwith upon the absolute confirmation hereof.

### ORDER

And now, this October 25, 1984, the within adjudication is directed to be filed and is hereby confirmed nisi.