Albert A. JONES, a minor child; Bridget Jones, a minor child, by their mother and next friend, Albertine JONES; Barbara L. Jones, Appellants,

v.

Margaret H. HECKLER, Secretary, Department of Health and Human Services, Appellee.

No. 81–1080.

United States Court of Appeals, Fourth Circuit.

Feb. 4, 1985.

Before PHILLIPS and MURNAGHAN, Circuit Judges.

PER CURIAM.

Here is a heart-aching, if indeed not a heart-breaking, case. We did not write the federal statute allowing recovery if application of state law would do so in comparable circumstances. The result was regarded as harsh by our distinguished panel member, the late Judge Bryan, and others, but we remain convinced that state law does not allow something where it specifically provides the opposite but is nullified by countervailing considerations of federal constitutional law.

We hoped for assistance from the Supreme Court of Mississippi on the question of whether that state would simply bow to dictates of the Federal Constitution and regard state law as nullified or whether, instead, on the principle of neutral extension, or a similar concept, the Jones children would be deemed entitled as a result of positive application of state law. The Supreme Court of Mississippi saw fit to reject the question, thereby, in our view, striking an undesirable blow against the developing and potentially enormously helpful procedure under which certification of unresolved and important questions of state law may be referred to the court best equipped to provide answers to them.

However, we glean from the opinion of the Supreme Court of Mississippi[1] and from the concurring opinion of three of its members that, through adoption by the Mississippi legislature of Chapter 339 of the Acts of 1983, the law in that state now clearly compels equal treatment of legitimates and illegitimates under the laws of the State of Mississippi. Hence the positive application of Mississippi law does exist, and the Jones children are, in the same manner as the Simms child in the consoli-

dated case of *Simms v. Heckler,* 712 F.2d 924 entitled to social security benefits.

Accordingly we remand with instructions to the district court to enter a judgment consistent with this opinion.

REMANDED.

1. *Jones v. Human Services,* Miss., 460 So.2d 120 (1984).