Jean ADENS, for Angel
GREEN, Appellant,

v.

Richard SCHWEIKER, Secretary of
Health & Human Services of the
United States, Appellee.

No. 85-1034.

United States Court of Appeals,
Third Circuit.

Argued Aug. 14, 1985.

Decided Oct. 9, 1985.

**546**

Diane C. Bernoff (argued), Lester G. Weinraub, Hunt & Fineman, P.C., Philadelphia, Pa., for appellant.

Javier A. Arrastia (argued), Asst. Regional Atty., Beverly Dennis, III, Regional Atty., Office of Gen. Counsel, Dept. of Health and Human Services, Edward S.G. Dennis, Jr., U.S. Atty., and James G. Sheehan, Asst. U.S. Atty., Eastern Dist. of Pennsylvania, Philadelphia, Pa., for appellee.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The issue in this case is whether claimant, a child born out of wedlock, is entitled to survivor's benefits under the Social Security Act as the child of a deceased wage earner. The district court determined that claimant was not entitled to inherit under Pennsylvania intestate laws and thus was not eligible under the terms of the Social Security Act. As a second basis for denying benefits, the court found that claimant had failed to prove that she was dependent on the wage earner at the time of death. We disagree with the district court and conclude that a constitutional construction of the state intestacy statute in effect at the time of the wage earner's death would entitle claimant to benefits if she can establish paternity. We remand for further factual development on that point.

After a hearing, an ALJ found claimant Angel Green ineligible for survivor's benefits because "The evidence of record is not satisfactory to establish the deceased wage earner to be the father of the child." On appeal to the district court, the parties moved for summary judgment, and the court assigned the case to a magistrate for recommendation. The magistrate decided that the Secretary's finding that Angel Green was not the child of Price May "was not supported by substantial evidence." However, the magistrate concluded that benefits were properly denied because Price May was not living with or contributing to Angel's support at the time of his death as required by § 216(h)(3)(C)(ii) of the Social Security Act, 42 U.S.C. § 416(h)(3)(C)(ii).[1]

The magistrate further concluded that Angel did not qualify under § 216(h)(2)(A) of the Act, 42 U.S.C. § 416(h)(2)(A), because Pennsylvania intestate law, 20 Pa. Cons.Stat.Ann. § 2107 (Purdon 1975), in effect at the time of the wage earner's death in 1976 precluded illegitimate children from inheriting from their fathers. Claimant was also found ineligible under the 1978 revision of Pennsylvania intestate law because of its explicit provision that it is not to be given retroactive effect.

The district court adopted the magistrate's report and entered summary judgment for the Secretary. Claimant appeals.

Claimant contends that under § 216(h)(2)(A) she is entitled to benefits. That section provides, in relevant part, that children will be entitled to survivor's benefits if they can demonstrate that they would inherit personal property from the deceased wage earner under the intestate law of the domiciliary state "at the time of his death." The wage earner in this case was domiciled in Pennsylvania at the time of death; therefore, under § 216(h)(2)(A), we are required to apply the same intestate

---

1. The magistrate and the ALJ analyzed the application for benefits under § 216(h)(3)(C)(ii), which requires a claimant to prove actual dependency. We, however, will not address eligibility under that section because on appeal to this court claimant concedes that she does not qualify under that provision.

law that the Pennsylvania courts would use. As part of our task, we must decide whether to apply the state law in effect at the time of death or that which was in force when the claimant's application was filed.

Section 212(h)(2)(A) is applicable, not only when the wage earner has died, but also in those instances where an applicant who is a dependent seeks benefits because of the wage earner's old age or disability entitlement. In the latter circumstances, the intestate law at the time the application is filed is used to determine eligibility for benefits. If the wage earner is deceased, however, other considerations come into play.

The Act must be read carefully. It provides that in determining the status of an alleged child of the wage earner, "the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application." This provision, of course, would be pertinent if the wage earner is living when the application for benefits was filed.

The statute continues, "or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death." The statute pointedly does not repeat the phrase, "at the time such applicant files application." This omission is significant and highlights the differing factors which must be considered in the situation where the insured has died.

Two courts of appeals have held that "at the time of his death" refers only to choice of law, and does not establish the time for determining the applicable local intestate law. *See Owens v. Schweiker,* 692 F.2d 80 (9th Cir.1982); *Cox v. Schweiker,* 684 F.2d 310 (5th Cir.1982). According to those courts, the intestate law in force at the time the application for benefits was filed must be used to decide whether a claimant

is entitled to inherit from a deceased wage earner.

In those cases, unlike the one at hand, the statute in effect at the time of application did not contain a non-retroactivity clause. In our case, the 1978 Pennsylvania intestate statute explicitly states that "its provisions shall not apply ... to rights from and through a child's father if the father had died prior to the effective date of this act." 20 Pa.Cons.Stat.Ann. § 2107 (Purdon 1978). Hence, by its terms the 1978 statute is not applicable when, as here, the alleged father's death occurred before the effective date of the statute.

*Estate of Hoffman,* 320 Pa.Super. 113, 466 A.2d 1087 (1983), is instructive. There, the Superior Court of Pennsylvania determined that the intestate law in effect in 1953 at the death of the alleged father of the illegitimate plaintiff controlled—not the 1978 statute in effect at the time the suit was filed. That holding recognizes the state's interest in orderly and predictable distribution of decedents' estates as well as the state's concern for vesting of the rights of survivors on death. The *Hoffman* case demonstrates that Pennsylvania law fixes intestate rights at the time of the decedent's demise.

Because the Pennsylvania courts make their determinations based on the law existing at the time of death, the Secretary must do likewise. Despite our respect for our learned colleagues in the *Cox* and *Owens* cases, we decline to follow their holding. We therefore will analyze the claimant's application for Social Security benefits in light of the Pennsylvania statute in effect in 1976.[2]

The Pennsylvania intestate law of 1972, 20 Pa.Cons.Stat.Ann. § 2107(a) (Purdon 1975), provided that "For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his mother but not of his father." This provision was declared uncon-

---

**2.** The Secretary's regulations have adopted the same interpretation of the Act as we have. The regulations provide that "If the insured is de-

ceased, we look to the laws that were in effect at the time the insured worker died." 20 C.F.R. 404.354(b).

stitutional in a consent decree filed on May 30, 1978, *Fernandez v. Shapp*, 74–2959 (E.D.Pa.1978), because it improperly discriminated against illegitimate children. *See Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). The question then becomes what effect the declaration of unconstitutionality had on the then existing intestate law.

In *Jones v. Schweiker*, 668 F.2d 755 (4th Cir.1981), *vacated and remanded*, 460 U.S. 1077, 103 S.Ct. 1763, 76 L.Ed.2d 339 (1983), the court of appeals faced a similar question with respect to unconstitutional provisions of the West Virginia and Mississippi intestate laws as they affected illegitimate children. The court concluded that § 216(h)(2)(A) was intended to allow anyone to receive Social Security benefits who was determined by the state legislatures to be eligible for intestate inheritance. In the absence of affirmative legislative intent, however, the court would not permit such result by excising the clause which prevented illegitimates from inheriting. The court reasoned that deleting the prohibitory language would result in converting a state statute into one actually providing the opposite of what its language required. The United States Supreme Court vacated the judgment and remanded the case for reconsideration. 460 U.S. 1077, 103 S.Ct. 1763, 76 L.Ed.2d 339 (1983).

On remand, *Jones v. Heckler*, 712 F.2d 924 (4th Cir.1983), the court referred to state law and found that the West Virginia Supreme Court applied the rule of "neutral extension." This doctrine expanded the terms of the statute by granting equal rights to illegitimates and thus avoided the denial of equal protection. Following that rationale, the court of appeals adopted a similar construction for Social Security purposes. *See also Jones v. Heckler*, 754 F.2d 519 (4th Cir.1985).

Applying that same approach here, does not fashion a common law of intestate succession in Pennsylvania. All that is needed is removal of the unconstitutional clause from the 1972 state statute thus allowing the remainder to stand. In that form, the statute puts legitimate and illegitimate children on the same footing. The Pennsylvania Superior Court employed the rule of neutral extension in *Estate of Hoffman*. In that case, the unconstitutional clause discriminating against children born out of wedlock was judicially excised, and the court held that the claimant would be entitled to a share of the decedent's estate if she were able to prove paternity.

■ It follows, therefore that if claimant in the case at hand establishes parentage, she would be eligible to inherit from her father under Pennsylvania law. Having met that test, she will be deemed dependent on the wage earner and will qualify for benefits under § 216(h)(2)(A). *See Mathews v. Lucas*, 427 U.S. 495, 499 n. 2, 96 S.Ct. 2755, 2759 n. 2, 49 L.Ed.2d 651 (1976). ("Additionally any child who qualifies under section 216(h)(2)(A) ... is considered legitimate for 202(d)(3) purposes and thus dependent").

■ Because the district court was under a misapprehension about the applicable law, the case must be remanded. Moreover, we believe that the Secretary must reexamine certain factual matters. As an example, we are concerned about the ALJ's rejection of evidence submitted by Reverend Rock May, brother of Price May. Reverend May stated in a letter that he had been told by his brother that Angel was his child. The ALJ summarily dismissed this letter by noting "The statement from Reverend May ... does not have a basis for veracity." We consider this an inadequate weighing of the evidence.

Reverend May did not appear in person, and on its face the letter affords no basis for an adverse judgment of credibility. Although it may be inferred that he could be somewhat biased in favor of his niece, that without more does not justify disregarding his letter as lacking veracity. Similarly, the ALJ did not give any credence to the affidavit of Willie Evans because it does not "elaborate on how he knew the wage earner."

We note that although claimant was not represented by counsel at the hearing before the ALJ, she now has a lawyer. We would expect that on remand counsel will make these witnesses available for testimony so that there may be adequate presentation of the essential facts in this case. At that time, there will be an opportunity for claimant to establish by evidence satisfactory to the Secretary that Price May was her father and that she qualifies for benefits under § 216(h)(2)(A).

This case will be remanded to the district court with directions to remand to the Secretary for further proceedings consistent with this opinion.